United States District Court
Southern District of Texas
**ENTERED**
February 13, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| IVAN RAMOS MARQUEZ, Petitioner | § § § § | |
| v. | § § § | Civil Action No. 1:23-cv-029 |
| UNITED STATES OF AMERICA, Respondent | § § § | |

### OPINION AND ORDER OF TRANSFER

The Court is in receipt of Ivan Ramos Marquez's "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (hereinafter, Marquez's "Petition" or "§ 2241 Petition"). Dkt. No. 1. For the reasons provided below, it is **ORDERED** that this case be transferred to the United States District Court for the Northern District of Texas, Fort Worth Division.

### I.     Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 2241.

### II.     Background and Procedural History

On March 24, 2022, Marquez pleaded guilty to the offense of being an "alien previously []denied admission, excluded, deported, and removed, [and] unlawfully present in the United States having been found in Cameron County, Texas, without having not obtained consent to reapply for admission into the United States from the Attorney General of the United States and Secretary of Homeland Security, in violation of Title 8, United States Code, Section 1326(a) and 1326(b)(1)". *See United States of America v.*

*Ivan Ramos-Marquez*, No. 1:22-mj-127, CR Dkt. No. 22 at 1.  On July 6, 2022, United States District Judge Fernando Rodriguez, Jr. sentenced Marquez to 24 months of imprisonment, two years of supervised release, and a $100.00 special assessment.  CR Dkt. No. 31.  Judgment was entered on July 15, 2022.  *Id.*

On February 6, 2023, Marquez filed his instant 28 U.S.C. § 2241 Petition.  Dkt. No. 1.  In his Petition, Marquez claims that he is entitled to § 2241 relief because the Bureau of Prisons miscalculated his sentence and failed to properly award good time credits.  Both now and at the time he filed his Petition, Marquez has been detained at the Federal Medical Center ("FMC") in Fort Worth, Texas.  *See* https://www.bop.gov/inmateloc.

### III.   Legal Standard

Subject-matter jurisdiction and venue do not present themselves in § 2241 habeas petitions as they do in a typical civil lawsuit.  A district court only has jurisdiction over a § 2241 petition if it has jurisdiction over the "immediate custodian", which is the "warden of the facility where the prisoner is being held".  *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  A petitioner challenging his current physical confinement under 28 U.S.C. § 2241 must file his petition in the district court embracing his place of confinement.  *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

### IV.   Discussion

It appears that Marquez wrote and signed his Petition while detained at FMC in Forth Worth, Tarrant County, Texas, and he is currently located there.  Dkt. No. 1.  Because he was in Forth Worth when he filed his Petition, jurisdiction did not attach in this district.  *See Ramirez-Nieves v. United States*, No. CR M-09-1851, 2015 WL

13388107, at *2 (S.D. Tex. July 2, 2015) ("This Court lacks jurisdiction to consider Movant's claims, which arise under § 2241, because he was not incarcerated in this district when he filed this action."), *report and recommendation adopted*, No. CR M-09-1851-3, 2015 WL 13388194 (S.D. Tex. July 28, 2015) (internal citations omitted).  The United States District Court, Northern District of Texas, Fort Worth Division, embraces the FMC. 28 U.S.C. § 124(a)(2) ("The Fort Worth Division comprises the counties of Comanche, Erath, Hood, Jack, Palo Pinto, Parker, Tarrant, and Wise.").  Accordingly, this case must be transferred to the United States District Court, Northern District of Texas, Fort Worth Division.

### V. Conclusion

For the foregoing reasons, it is **ORDERED** that this case be transferred to the United States District Court for the Northern District of Texas, Fort Worth Division.  The Clerk of Court is directed to **CLOSE** this case in this division.

**IT IS SO ORDERED.**

**SIGNED** on this **13th** day of **February, 2023**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**